BOARD OF IMPROVEMENT OF SEWER DISTRICT NUMBER 2
v. MORELAND.

Opinion delivered February 14, 1910.

1. IMPROVEMENT DISTRICTS—LIABILITY.—Improvement districts are *quasi* public corporations, having no powers, duties or liabilities except as expressly conferred by statute, and are not liable for the negligence of their officers or agents whereby an employee is injured. (Page 381.)

2. SAME—LIABILITY UNDER FELLOW SERVANTS ACT.—Acts 1907, p. 162, abrogating the common-law rule that a servant assumes the risk of negligence of his fellow servant, did not create any liability against clases of corporations against whom none existed prior to the enactment of the statute. (Page 383.)

3. SAME—LIABILITY OF MEMBERS OF BOARD.—Under Kirby's Digest, § 5729, providing that no member of any board of improvement shall be liable for any damages sustained by any one in the prosecution of the work under his charge unless it shall be made to appear that he has acted with a corrupt or malicious intent," commissioners of an improvement district, charged with the performance of a public undertaking, are not liable for a negligent injury to an employee of such district, in the absence of a corrupt or malicious intent. (Page 383.)

Appeal from Sebastian Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Youmans & Youmans,* for appellant.

1. Improvement districts are governmental agencies—public *quasi* corporations, and they are not liable for injuries to individuals for negligence, unless so expressly provided by statute. 81 Ark. 391; 55 *Id.* 148; 1 Smith, Mun. Corp., p. 3; 117 Cal. 114; 14 Cyc. 1057; 135 Ill. 269; 2 Dillon, Mun. Corp., § 761-2; Cooley, Const. Lim. 240-7; 55 Ill. 346; 8 Am. Rep. 652; 236 Ill. 36; 121 Cal. 96; 52 Ark. 107; 87 *Id.* 8; 73 *Id.* 447; 56 *Id.* 205; 86 *Id.* 61.

2. Acts 1907, p. 162, does not apply. Black on Int. Laws, 141.

*Read & McDonough,* for appellee.

1. Improvement districts are agents of the property holders. Private corporations are liable for negligence. 81 Ark. 391; 55 *Id.* 148. Even if public corporations, they are liable in this State under our laws. 27 Ark. 572; 28 Cyc. 1315; 29 Ark. 569; Dill. Mun. Corp., § 764 to 778; 124 Mass. 564; 149 *Id.* 410; 49

Ark. 140; 166 Mass. 403; 3 Abbott Mun. Corp., § 960; 973 subd. a, note 108; Kirby's Dig., § 5672; 42 Ark. 152; 48 *Id.* 386; 121 N. Y. 105; 19 N. J. Eq. 276; 52 Ark. 107; 81 'Ark. 286; Beach, Pub. Corp., § § 1086-90, 1140, 1151-2-4; 77 Ark. 383; 84 *Id.* 333.

2. They are liable under the Fellow Servant Act, 1907. 2 Thomp. on Negl., § 5251; 94 Fed. 561; 116 *Id.* 845; 78 Ark. 118.

HART, J.  The sole question to be determined in this case is the liability of the Board of Improvement of Sewer District No. 2 of Fort Smith, Arkansas, for an injury sustained by Edward N. Moreland, resulting in his death, which was alleged to have occurred while he was engaged in the work of constructing the sewer and to have been caused by the negligence of said Sewer District.

In the case of *Fitzgerald* v. *Walker,* 55 Ark. 156, the court, speaking through Mr. Justice MANSFIELD, said: "The fact that an improvement district is organized to accomplish a purpose which in a limited sense may be said to be 'municipal' does not make it a 'municipal corporation.'" That case also holds that such district is not the agent of the city or town within which it is organized, but that its powers are derived directly from the Legislature of the State. The purposes for which such districts are created and the manner of their organization are definitely prescribed by statute. The powers, duties and liabilities of the district and of its officers are specifically enumerated in the statutes creating them. The city authorities have nothing to do with the manner in which the work shall be done, and they have no control over the improvement commissioners. The Legislature could have delegated the work to be done to the various municipalities of the State, but it has not seen fit to do so. It must then be regarded as a public work, the expense of which the Legislature has imposed upon the property owners who are benefited by it, as it rightfully could do; and for the accomplishment of which it has provided its own agencies.

We think that the effect of our former decisions on the subject of improvement districts organized within the limits of cities and towns, and of fencing, drainage and levee districts, is to make them governmental agencies, or public *quasi* corporations, which are "purely auxiliaries to the State, and have

no powers, duties or liabilities except as conferred expressly by statute." *Morrilton Waterworks Imp. Dist.* v. *Earl*, 71 Ark. 4; *Altheimer* v. *Board, etc., Plum Bayou Levee Dist.*, 79 Ark. 229; *Stiewel* v. *Fencing District No. 6 of Johnson Co.*, 71 Ark. 17; *Little Rock* v. *Katzenstein*, 52 Ark. 107.

In other words, they are agents of the State to which certain powers and duties of a public nature have been delegated, but which can only exercise the corporate functions which the statute has expressly conferred upon them. Public *quasi* corporations are created with limited statutory powers, and the general rule, as respects the question of liability to individuals for the negligence of their officers or agents, is that no such liability attaches unless expressly provided by statute. 1 Beach on Public Corporations, § § 4, 262, 263; *Mahoney* v. *Boston*, 171 Mass. 427.

In the case of *Elmore* v. *Drainage Commissioners*, 135 Ill. 269, the court said: "A drainage district, however, is organized merely for a special and limited purpose. Its powers are restricted to such as the Legislature has deemed essential for the accomplishment of such purpose, and it is only authorized to raise funds for the specific object for which it is formed, and can do that in no other mode than by special assessments upon the property benefited, which can in no case exceed the benefits to the lands assessed. No funds or means are furnished such district with which to pay damages occasioned to individuals by the tortious or unauthorized acts of the drainage commissioners, and there is no express statutory requirement that it shall be liable for such torts. The duty, then, which was incumbent upon appellee to protect the lands of appellant through which its ditches passed from inundation was a duty of imperfect obligation, and one for the breach of which no action for damages lies against the district. The act under which appellee was organized is a general law, and applicable alike to all parts of the State, and under its provisions drainage districts may everywhere be formed. Appellee is to be regarded as a mere public involuntary *quasi* corporation, and the well established and uniform doctrine is that there is no corporate liability to respond in damages to an individual injured by the negligence or wrongful act of its officers, agents or servants."

"Since the government of a *quasi* corporation is ordinarily imposed by the sovereign, its business and private relations simple, and, further, because it performs solely governmental duties, the universal rule obtains that no liability exists in respect to the performance of its duties and obligations unless one is expressly imposed by statute." 3 Abbott, Municipal Corporations, § § 955, 973.

This doctrine has been too long established to be questioned, and should be regarded as the recognized policy of the State, which the Legislature alone should change. The exemption from liability, in the absence of a statute imposing it, is based upon the sovereign character of the State and its agencies, and upon the absence of obligation.

In the case of *United States* v. *Kirkpatrick,* 9 Wheat. 720, Mr. Justice STORY said: "The Government does not undertake to guaranty to any person the fidelity of the officers or agents whom it employs, since that would involve it in all its operations in endless embarrassments, difficulties and losses, which would be subversive to the public interest."

It is not contended that there is any statutory liability in this case unless the fellow servant act, approved March 8, 1907 (Acts of 1907, p. 162), imposes the liability. That act abrogated the common-law rule that a servant assumes the risk of negligence of his fellow servant. *Aluminum Co. of North America* v. *Ramsey,* 89 Ark. 522. But it did not create any liability against classes of corporations where none existed prior to the enactment of the statute.

It is also insisted that the members of the board are individually liable. Section 5729 of Kirby's Digest is as follows: "No member of any board of improvement shall be liable for any damages sustained by any one in the prosecution of the work under his charge unless it shall be made to appear that he has acted with a corrupt or malicious intent." There is no allegation or proof that the commissioners acted with a corrupt or malicious intent. Moreover, the commissioners have certain powers and duties which are defined by statute; and if we are correct in holding that the improvement undertaken is a public work, the commissioners are public officers charged with the performance of public duties in carrying it out. It necessarily

follows that the same rule of law which exempts the improvement district from liability in this case also exempts its officers and agents.

For the reason that there is no liability imposed by law for the alleged acts of negligence of the defendant sewer district, or its officers or agents, the judgment will be reversed, and the cause dismissed.