### CITY OF JONESBORO v. PRIBBLE.

### Opinion delivered April 20, 1914.

1. DRAINAGE—OBSTRUCTION—ACTION AGAINST CITY.—In an action against a city to collect the award of arbitrators under Kirby's Digest, § 5495, for overflow of plaintiff's property, evidence held sufficient to warrant a verdict in favor of plaintiff. (Page 557.)

2. OBSTRUCTION OF DRAINAGE—ACTION AGAINST CITY—EVIDENCE.—In an action for damages for obstructing the flow of water on plaintiff's land, the city engineer, when familiar with the premises and the work done which caused the obstruction, may testify as an expert, and may testify as to the result of calculations made by him as to the size of the openings required to drain the property. (Page 557.)

3. APPEAL AND ERROR—COMPETENT TESTIMONY—EXCLUSION.—In an action against a city for damages due to obstruction of drainage, the exclusion of competent testimony of an engineer, held prejudicial. (Page 557.)

Appeal from Craighead Circuit Court, Jonesboro District; *J. F. Gautney,* Judge; reversed.

*H. M. Mayes,* for appellant.

1. The evidence does not sustain the verdict. Even from plaintiff's own testimony, the verdict is contrary

to the physical facts as developed in the evidence. 158 S. W. 996; 154 S. W. 219. The burden was on him to support the allegations of the complaint by a fair preponderance of the evidence. 157 S. W. 384.

2. The witness Vogt was a civil engineer of experience, and the only person available who knew, or could have known, how to make the calculations for providing necessary drains and openings to prevent the standing of water upon the lands in question. It was competent for him to testify as to whether or not the tile placed under the sidewalk was sufficient to drain out the water within a reasonable time, also as to whether or not he found the opening made from his calculations of sufficient size to carry the water which is required to go through the tile. And the court erred in excluding this testimony. 57 Ark. 512.

*Baker & Sloan*, for appellee.

1. The evidence in support of the verdict is legally sufficient, and that verdict settles the question of fact.

2. The court properly excluded the testimony of the city engineer touching the matters now complained of by appellant. Since the questions propounded to the city's expert did not embrace all the essential facts, since he made known to the court that he knew nothing of the overflow conditions, prior to the time of the attempted improvements, and was ignorant as to whether appellee's property was overflowed from the Olive Street ditch, he was not competent to give to the jury an opinion. 87 Ark. 243; 77 Ark. 418; 98 Ark. 352; *Id.* 399; 100 Ark. 518: 103 Ark. 196.

SMITH, J. Appellee was the owner of a lot, fronting on Huntington Avenue in the city of Jonesboro, and alleged in his complaint that the city had so graded that avenue as to retard the flow of surface water off his lot, and that the water was impounded thereon after rainfalls. It was alleged that appellee had applied for an arbitration of his damages, as provided by section 5495 of Kirby's Digest, and that he had selected an arbiter and the city had selected one, and these two, a third, and

these arbiters had recommended that changes be made in the street grade, or that culverts be supplied in lieu thereof, but that no action had been taken upon this recommendation. Damages were prayed in the sum of $500. The answer contained a denial of all the material allegations of the complaint.

There was a verdict and judgment in favor of appellee for $300, and the city has appealed. The evidence, while conflicting, is legally sufficient to support the verdict, upon the theory that the grading has permanently obstructed the flow of water from appellee's lot. No objection was made to any instruction, and appellant complains chiefly of the insufficiency of the evidence, and of the action of the court in excluding certain testimony of the city engineer, who had directed the work of grading and filling Huntington Avenue.

We have said that the evidence was legally sufficient to sustain the verdict, although it is very earnestly insisted that such is not the case. The city engineer testified that certain drainage had been established, as a part of the improvement, and while he admitted that water had been impounded, during the progress of the improvement, he testified that this had not been the case since its completion, and that he had placed a twelve-inch tile just east of the northeast corner of appellee's lot, and had also put in some twenty-four-inch tiling, and, since then, there had been no complaint within his knowledge about standing water. This witness testified to entire familiarity with the property in question, and with the respective levels of it, as compared with other property having the same outlets for drainage. The witness was asked these questions:

Q. Is the tiling placed under the sidewalk in front of Mr. Berger's lot sufficiently large to drain out all the water within a reasonable time, that might be expected to drain through there? And he answered, "Yes, sir." This question and answer was excluded. This question was then asked: "The time that you provided the tile under the walk on Huntington Avenue on the Berger

property, state whether or not you made a calculation of the water that it was necessary for that tiling to carry?'' and he answered, ''Yes, sir; I did.'' And he was then asked: ''State whether or not you found the opening made there from that calculation of sufficient size to carry the water that has to go through there?'' and he answered, ''Yes, sir.'' Upon motion of appellee, this last question and answer was also excluded, and appellant duly saved its exceptions. The record does not show the ground upon which the court excluded these answers, but appellee in his brief insists that the answers were properly excluded, because in the first answer the witness does not define or explain what he means by a reasonable time, and that the last answer should have been excluded because the witness does not show himself sufficiently familiar with the *locus in quo* to express an opinion. It would have been entirely proper to have required the witness to explain what he meant by reasonable time, when he said the tiling under the sidewalk was sufficiently large to drain off all the water. But the words ''reasonable time'' were embraced in the question, and not in the witness's answer, and no specific objection was made to the question, nor was there any request that the answer be made more definite. We think, too, the witness had shown himself sufficiently familiar with the premises to testify as an expert. His evidence indicates that he had taken various levels, and, in making his plans for the grading, had undertaken to provide for the drainage of the affected property, and this had been done by opening up certain ditches and by putting in certain tiling. The witness here was not undertaking merely to express an expert opinion, but was offering to state the result of a calculation which he had made to ascertain the size of openings that should be provided. Such evidence is competent, where a witness shows himself qualified to express an opinion, or to make such calculations. *Railway* v. *Cook,* 57 Ark. 387; *Railway Co.* v. *Lyman,* 57 Ark. 512. If the evidence of the engineer was competent its exclusion was necessarily prejudicial. This record presents a close

question of fact, as to whether this grading has occasioned appellee any damage on account of impeding the flow of water, and the excluded evidence related directly to that question.

For the error indicated, the judgment will be reversed and the cause remanded.