EICKHOFF *v.* STREET IMPROVEMENT DISTRICT No. 11 OF ARGENTA.

Opinion delivered October 4, 1915.

1.  MUNICIPAL CORPORATIONS—STREET GRADES CHANGE.—Cities and towns have the power to fix and change the grades of their streets.

2.  MUNICIPAL CORPORATIONS—STREETS—CHANGE IN GRADES—DAMAGES.— Where abutting owners have made improvements with reference to established grades of the streets, if the grade is thereafter changed to the owners' damage, the city is liable therefor.

3.  IMPROVEMENT DISTRICTS—NATURE AND RIGHTS OF—LOCAL IMPROVEMENT DISTRICTS.—Improvement districts in cities and towns are quasi-governmental agencies, having no powers but those expressly conferred by statute and those necessarily implied from the powers expressly given; they are under such duties, and are subject to such liabilities only as are imposed by statute.

4.  DEFINITIONS—"STREETS."—Under the generic term "street" is included all parts of the way, the roadway, the gutters and the sidewalks.

5.  MUNICIPAL CORPORATIONS—STREETS—CHANGE IN GRADE—DAMAGE.— The liability for damages resulting to a property owner for a change in the grade of a street is solely upon the city, and not upon an improvement district organized to make such changes. (Kirby's Digest, § 5672, and § § 5495-6-7).

Appeal from Pulaski Circuit Court, Third Division; *W. G. Hendricks*, Judge; affirmed.

STATEMENT BY THE COURT.

The appellant sued the city of Argenta and Street Improvement District No. 11 of that city, which we will hereafter designate as the district, alleging that he was the owner of certain lots in the city of Argenta on which there were six store buildings fronting on East Washington Avenue for a distance of 140 feet. The lots are particularly described in the complaint.

It was alleged that the buildings were erected with reference to the then street grade as established by the

city; that the city was a city of the first class and that the district was a corporation duly organized under the laws of the State of Arkansas. It was alleged that along the front of the property described 'there was a sidewalk space on which was laid a concrete pavement, with a concrete curb, which were in good condition and which the plaintiff had laid at a great expense; that the pavement and curb had been laid on the grade established by law; that the defendants unlawfully broke the concrete pavement and curb into pieces and hauled it away; that they then lowered the earth along the sidewalk to a depth of two feet, leaving the front entrances of the stores eighteen inches or two feet above the sidewalk; that the unlawful acts of the defendants, in the manner set forth, had cut off the necessary ingress and egress to and from the store buildings and had thus greatly lessened the usable value of the same, to the damage of plaintiff in the sum of $14,750 in addition to the value of the concrete walk and curb, which defendants destroyed, of the value of $224, for all of which the plaintiff prayed judgment.

The district demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and dismissed the complaint as to the district. The plaintiff duly prosecutes this appeal.

*Vaughan & Akers,* for appellant.

The acts of appellee and the city of Argenta constituted a taking, damaging or appropriating of private property for public use for which under the Constitution just compensation should be made. Art. 2, § 22, Const.; 94 Ark. 380, 383; 110 Ark. 416; 107 Ark. 442, 446-449; 13 Ark. 206; 15 Ark. 49; 10 Am. & Eng. Enc. of L. 1072; 31 Ark. 495, 499.

To hold that the lowering of the sidewalk was outside the scope of appellee's powers, and that, therefore, no liability attaches to the district, would, in effect, permit a limitation created by statute to restrict a positive liability imposed by the Constitution, and would give to

a statute greater force than either the Constitution or that right of property which the latter declares to be higher than any constitutional sanction, a condition of affairs which would be contrary to the fundamental principles of our government.   64 Ark. 555, 559.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellee.

The district has nothing to do with fixing the grades of streets, and no liability can be fixed upon it for the cutting down the sidewalk by the city.   Kirby's Dig., § 5672. The law expressly provides that where a city changes the grade of a street to the detriment of the adjoining property owner, it must pay him damages. *Id.,* § 5495; 98 Ark. 206; 112 Ark. 554.

The complaint alleges nothing more than a tort.   If the district left the street which it was to pave and went upon the sidewalk and tore that up, that was a mere trespass and a tort for which the funds of the district could not be made responsible.   94 Ark. 380; 110 Ark. 416.

If the appellant's sidewalk had been laid upon a grade established by the city, and the city afterward changed it, the city, in that event, would be liable; but no person or corporation acting under its authority in lowering the grade could be held responsible in damages. 111 Ill. 651; Mills on Eminent Domain, § 64.

WOOD, J., (after stating the facts).   (1)   Cities and towns have the power to fix and change the grades of their streets.   These powers are expressly conferred upon them for the public good.   Kirby's Digest, § § 5475-5495.

(2)   Under the statute and our decisions where abutting owners have made improvements with reference to the established grade of the streets, thereafter if the grade is changed to the damage of abutting owners, the city is liable for such damage.   Kirby's Digest, § § 5495-6-7; *Fayetteville* v. *Stone,* 104 Ark. 136; *Dickerson* v. *Okolona,* 98 Ark. 206; *Jonesboro* v. *Pribble,* 112 Ark. 554.

(3)   Improvement districts in cities and towns are *quasi*-governmental agencies.   They have no powers except those expressly conferred by statute, and those necessarily implied from the powers expressly given.   They are under such duties, and are subject to such liabilities only as are imposed by statute.   *Board of Improvement of Sewer District No.* 2 v. *Moreland,* 94 Ark. 380.

(4)   "Under the generic term *street* is included all parts of the way, the roadway, the gutters and the sidewalks." Elliott on Roads and Streets, p. 17; *Little Rock* v. *Fitzgerald,* 59 Ark. 494.

Now, the complaint, while alleging that the improvement district was "organized and existing under and by virtue of the State of Arkansas," nowhere alleges that it was created for the purpose of grading Washington Avenue in front of appellant's buildings.   In this particular the complaint is fatally defective and fails to state a cause of action against the district, even if the district were liable in damages to abutting owners by reason of the grading of the street.

(5)   But as already observed, the district itself could not be liable for damages that accrued in grading a street according to the established grade, because the statute requires that "all such improvements shall be made with reference to the grades of the streets and alleys as fixed or may be fixed by ordinances of the city." Kirby's Digest, § 5672.   The liability, therefore, for the taking or damage to private property for the public use, towit: The grading or changing the grade of a street is on the city not on the improvement district.   The improvement district itself would not be liable for damages to abutting owners for the grading of streets even if their officers, servants and agents violated the law by doing the work contrary to the grade as fixed by the city ordinances.   For all such acts would be *ultra vires* and torts pure and simple, or else acts of negligence on the part of the officers, servants and agents for which these public *quasi*-corporations are not liable.   *Improvement Dist.* v. *Moreland, supra.*   See also *Wood* v. *Drainage Dist. No. 2 of Conway*

*County,* 110 Ark. 416, and *Jones* v. *Sewer Imp. Dist.,* **119 Ark. 166.**

Appellant relies upon *McLaughlin* v. *City of Hope,* 107 Ark. 442. That was a suit against the city of Hope for damages to certain lands beyond the city limits caused by the discharge of the sewage of the city into a stream running through the lands. The court held that the city had the power to turn the sewage into the stream, and that its act in so doing was tantamount to a taking or damaging of the property for a public use, and that the damages should be assessed as if the act of the city were a proceeding to acquire the property under the power of eminent domain. See also *City of El Dorado et al.* v. *Scruggs,* 113 Ark. 239. These cases are not applicable here.

It follows that the judgment is correct and must be affirmed.