LAWSON *v.* ROAD IMPROVEMENT DISTRICT No. 7.

Opinion delivered March 24, 1924.

1. HIGHWAYS—LIABILITY OF ROAD DISTRICT FOR TORTS.—Under Road Laws 1919, No. 292, creating Road Improvement District No. 7 of Little River County, such district is exempt from liability for torts, such as entering and appropriating land for construction of a road before it was declared a public road by the county court.

2. PRINCIPAL AND AGENT—PROOF OF AGENCY BY AGENT'S DECLARATION.— Agency cannot be established by the agent's declaration.

3. PRINCIPAL AND AGENT—EVIDENCE OF AGENCY.—In an action against a road improvement district for damages from construction of a road across plaintiff's farm, evidence *held* sufficient to show that persons who offered to accept a stated sum in full settlement of plaintiff's claim were his agents.

4. PRINCIPAL AND AGENT—RATIFICATION.—A principal accepting the benefits of unauthorized acts of a reputed agent cannot afterwards deny his agency.

5. PRINCIPAL AND AGENT—RATIFICATION.—Testimony that one suing for damages from construction of a road across his land never complained to the witness of what took place at a citizens' meeting, at which an offer of settlement by persons claiming to represent plaintiff was accepted, *held* admissible as tending to show ratification of their acts.

6. PRINCIPAL AND AGENT—EVIDENCE OF AGENCY.—Testimony that an offer of a purported agent of a landowner, claiming damages from construction of a road across his land, to accept a certain sum in settlement of the claim, induced the witness to contribute to a fund raised for such purpose, together with proof of such landowner's acceptance of such contribution, *held* admissible as tending to show that such purported agent was the landowner's representative.

7. EMINENT DOMAIN—RIGHT TO DAMAGES FROM CONSTRUCTION OF ROAD.—A landowner may claim damages from construction of a road across his land, though he petitioned therefor.

8. APPEAL AND ERROR—HARMLESS ERROR.—In an action against a road improvement district for damages from construction of a road across plaintiff's land, introduction of the petition for the road, which was signed by plaintiff, was not prejudicial error, where the court instructed the jury to find for the plaintiff, unless he settled the claim as contended by defendant.

Appeal from Little River Circuit Court; *B. E. Isbell,* Judge; affirmed.

*Lake & Lake* and *A. D. DuLaney,* for appellant.

Appellee entered upon and appropriated the land in question without authority, as the entry was made before the county court made a proper order declaring the route selected to be a public road, and the order made was void for indefiniteness in description of the route. 66 Ark. 292; 29 C. J. 462; 135 Ark. 547. In taking more than a strip 50 feet in width, the district was a trespasser. 145 Ark. 578. Appellant's instruction No. 1 should have been given. It is error to submit to the jury the determination of questions about which there is no dispute. 90 Ark. 439. Instruction No. 2, requested, should have been given. No novation was effected by what transpired at the citizens' meeting, because appellee was not a party to the proceedings and had nothing to do with the meeting; appellant did not agree to release appellee from liability; that the promise of the citizens to pay was conditional. See 29 Cyc. 1136; 125 Ark. 7; 147 Ark. 530. Appellant was not represented at this meeting, and was not a party to it. The authority of an agent cannot be established by his own declarations. 96 Ark. 505; 105 Ark. 446; 131 Ark. 197; 159 Ark. 109.

*Otis T. Gilleylen,* for appellee.

The road was laid out in accordance with the petition signed by appellant, and he is therefore not damaged. 145 Ark. 578. If any one was liable for taking the property of the appellant, it was the county court, and he had his proper remedy. 134 Ark. 121; 110 Ark. 416. Improvement districts nor its commissioners are liable for torts. 94 Ark. 380; 110 Ark. 416. When a principal accepts benefits accruing from the unauthorized agency of another, he cannot be heard to deny the agency. 124 Ark. 360. Especially is this true where no offer has been made to return the benefits. 28 Ark. 59; 29 Ark. 131; 55 Ark. 240; 114 Ark. 9; 31 Cyc. 1257. By retaining a part of the benefits he ratified the entire contract. 54 Ark. 220; 35 S. W. 444.

HUMPHREYS, J. Appellant instituted this suit against appellee in the circuit court of Little River

County to recover damages in the sum of $1,850 on account of the construction of a lateral road across his farm.   Appellee is a road improvement district created by act No. 292 of the special session of the General Assembly of the State of Arkansas for the year 1919, for the purpose of constructing roads and laterals in Little River County.   It is alleged that, in constructing a lateral extending from Greenwood Shoals to a connection of the public road leading from Morris' Ferry to Foreman, appellees wrongfully and unlawfully entered and appropriated a strip of land ranging from ninety-seven to two hundred feet in width across an eighty-acre farm owned by him; that it constructed a dump on the land appropriated, about twelve to fifteen feet high, thereby cutting him off from access to his crops and land, and in order to drain borrow-pits made by it negligently through a high embankment which protected appellee's land from high waters flowing through an adjacent lake; that it tore down his fences, and permitted cattle to enter, destroy his corn, and trample over his land; that the various items of damage, including the value of the land appropriated, amounted to $1,850.

Appellee filed an answer, admitting its creation under said act of the General Assembly, but denying other allegations of the complaint, and, by way of affirmative defense, alleged:

That appellant and other property owners in the road improvement district petitioned appellee to construct a lateral along the route selected.

That, pursuant to the provisions of the act, appellant's lands were duly assessed by the commissioners of the district with reference to the benefits and damages they would sustain by reason of the construction of said lateral, and appellant failed to file a suit in the chancery court within the time allowed to question the findings of the commissioners.

That said route was established as a public road by the county court on the 17th day of December, 1920, upon the petition of appellant and other property owners in the district.

That appellant presented a claim of $3,000 to the commissioners for crossing his land, and was advised that appellee would abandon the construction of the lateral unless same was withdrawn, whereupon L. O. Shull and others offered to pay him $1,250 in full of all items of damage contained in his complaint, which offer was accepted; that, in keeping with said offer and acceptance, Shull and others paid him $662.50 and were given time in which to pay the balance; that, when advised of the settlement, appellee proceeded with the construction of the lateral.

That said commissioners, in their official capacity, contracted with C. A. Reese & Company to construct said lateral, and had no control or direction in the construction thereof.

The cause proceeded to a hearing upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and judgment for appellee, from which is this appeal.

At the conclusion of the testimony, appellant requested an instructed verdict upon the alleged ground that the undisputed evidence showed that appellee constructed a lateral across his farm without authority, and that he did not settle his claim for damages with Shull and others. Appellant contends for a reversal of the judgment because the court refused to grant his request. In support of the contention it is argued, first, that the appellee entered upon the lands of appellant and partially constructed a dump before the county court of Little River County made an order changing the route and declaring the route selected a public road; second, that the order made was void on account of the indefiniteness in description of the route; and third, that it was not relieved from liability as a trespasser on account of the purported settlement with L. O. Shull and others.

(1, 2). It is unnecessary to set out the order of the county court, the description of the route contained therein, and the testimony relative to entry and appropriation of the land, because the court, in submitting the

case to the jury, instructed them to find for the appellant if the entry upon and appropriation of the land preceded in point of time the order of the county court changing the route and designating the route selected as a public road, unless they found that appellant had settled his claim for damages with L. O. Shull and others. The instruction given by the court was more favorable than appellant was entitled to, in that appellant was permitted to recover from appellee for a tort. Under the provisions of the act creating appellee district appellee was exempt from liability for torts. It had no money, and could raise none by the levy of assessments out of which a judgment for tort could be paid. *Bd. of Imp. of Sewer Dist. No. 2* v. *Moreland,* 94 Ark. 380; *Wood* v. *Drainage Dist. No. 2, Conway County,* 110 Ark. 416.

(3) The undisputed evidence does not show, as argued by appellant, that he was not bound by the settlement for damages on account of the construction of the road across his farm made by J. S. Lake and W. W. Milwee with L. O. Shull and other citizens of Horatio and DeQueen. The testimony introduced by appellee showed that, when appellant made a claim for damages to it for crossing his land in constructing the lateral, the commissioners of the district decided to abandon the construction from Greenwood Shoals to the connection with the public road leading from Morris' Ferry to Foreman, unless appellant would waive any claim for damages on account of the construction of the road across his land. At the suggestion of L. O. Shull, citizens of Horatio and DeQueen met in a public meeting for the purpose of adjusting appellant's claim for damages and raising enough money by subscriptions to pay same, so that appellee might be prevailed upon to proceed with the construction of the lateral; that, at the meeting, W. W. Milwee and J. S. Lake claimed to represent appellant, and offered to accept $1,250 in full settlement of all damages sustained by him on account of the construction of the road; that the citizens of Horatio and DeQueen accepted the offer and subscribed the amount; that $662.50

of the amount was deposited in the bank to the credit of appellant, who accepted same; that the subscribers were given time to pay the balance; that, after the settlement, the contractors proceeded to build the road.

It is conceded that the subscriptions were made and that appellant received $662.50 in cash, but the claim is made that the mere declaration of ;W. W. Milwee and J. S. Lake to the fact that they represented appellant at the meeting was insufficient to establish agency or authority to represent him. It is true that agency cannot be established by the agent's declaration (*Vaughan* v. *Hinkle,* 131 Ark. 197), but there was other testimony besides the declarations of these gentlemen from which the jury might reasonably infer that they had authority to represent appellant in the meeting. Appellant himself testified as follows:

"Q. Did W. W. Milwee, who lives in Horatio, at any time, and does he now, represent you in connection with this claim of yours for damages as set up in your complaint? Did he ever have authority to talk or speak for you? A. Yes sir. Q. And Judge Lake likewise has had authority to speak for you at any time he may have spoken? A. Yes sir, after I— Q. After you employed him? A. Yes sir."

J. S. Lake testified: "A few days before this meeting was held (speaking of the meeting of the citizens of Horatio on December 21, 1920), Mr. Lawson had been to DeQueen to employ me to collect his claim, or to represent him in his claim against this road improvement district for going across his land. * * * I wrote to Mr. Livesay, who was the attorney for the district, explaining to him what Mr. Lawson's claim was, and Mr. Livesay has that letter now, if he hasn't lost or destroyed it. * * * On the 8th of December I received a reply from Mr. Livesay."

The meeting was public, and for the purpose of raising a fund with which to pay appellant's damages. Appellant afterwards accepted a part of the fund which was raised for his benefit. These facts, when considered with

all the other testimony in the case, were strong circumstances tending to show that W. W. Milwee and J. S. Lake were representatives of appellant at the meeting.

Aside from this, the acceptance of a part of the fund which was raised for his benefit tended to show that he ratified the contract made by W. W. Milwee and J. S. Lake for him. A principal who accepts the benefits of the unauthorized acts of a reputed agent cannot afterwards be heard to deny the agency. *Daniels* v. *Brodie,* 54 Ark. 220; *Coffin* v. *Planters Cotton Co.,* 124 Ark. 360; *Froug, Smulian & Co.* v. *Outcault Advertising Co.,* 114 Ark. 9.

Appellant next contends for a reversal of the judgment because the court admitted the testimony of G. B. Pride and Henry Pride. G. B. Pride testified that appellant never complained to him of what transpired at the citizens' meeting. This statement was admissible as a circumstance tending to show ratification of the acts of W. W. Milwee and J. S. Lake in settling the damages of appellant. Henry Pride testified that W. W. Milwee's testimony induced him to contribute to the fund and settle appellant's claim for damages. This testimony, considered in connection with the fact that appellant accepted a part of the contribution, tended to show that W. W. Milwee was a representative of appellant in the meeting. Appellant's next and last contention for a reversal of the judgment is that the court erred in permitting appellee to introduce in evidence the petition presented to appellee, on which appellant's name appeared, for constructing the lateral. It is true that appellant could petition for the road and still claim any damages he might sustain in the construction thereof, but no prejudicial error resulted from the introduction of the petition, as the court instructed the jury to find for the appellant unless he settled his claim for damages with Shull and others.

No error appearing, the judgment is affirmed.