Gordon v. Camden Curb & Gutter District No. 1.

Opinion delivered November 15, 1926.

1. Municipal corporations—improvement districts—liability.— The rule that improvement districts are not liable for damages from changes in the grade of streets is applicable to gutters and sidewalks, which are included in the generic term "street."

2. Municipal corporations—improvement districts—liability.— Improvement districts are not liable to an abutting property owner receiving personal injury while removing furniture and fixtures from a building flooded from the street, as such injury did not result directly from improper construction of the paving or curb and gutter.

3. Municipal corporations—improvement districts—liability.— Improvement districts are not liable for negligence in failing to provide sufficient openings for flow of water and in selecting particular places where openings are to be made.

4. Eminent domain—property damaged for public use.—Where property is taken or damaged for public use, compensation from the public must be awarded; but where the damage results from the negligence of those who are acting for the public, there is no remedy for compensation except as against the wrongdoer.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

*Hardy & Machin,* for appellant.

*Gaughan & Sifford,* for appellee.

McCulloch, C. J.   Two separate improvement districts were formed in the city of Camden, one for the purpose of paving Adams Street, and the other for the purpose of constructing curb and gutter.  Appellant is the owner of a lot in the district, on which there is a two-story business building fronting on Adams Street, and each of the districts instituted an action in the chancery court of the county to foreclose liens for delinquent taxes on property in the district, including the property of appellant, who appeared in each case and filed an answer, traversing the allegations of the complaint with respect to the right to recover delinquent assessments, and also filed a cross-complaint seeking to recover damages from each of the districts.  All of the questions with respect to the recovery by the several districts of delinquent taxes have passed out of the case, but the court sustained a demurrer to the cross-complaint of appellant, and dismissed the same.  The cases were tried together, and are presented here in the same brief.

The cross-complaint in each of the cases is identical in language, and the material part is as follows:

"That the plaintiff, in constructing the curb and gutter on said street, carelessly and negligently selected the point in front of the said lot and place of business as the lowest level for the curb and gutter on said street; that south of his said lot and place of business is a gradual elevation to where the Iron Mountain Railroad crosses said street, and the surface of the street at said railroad crossing is eight feet higher than the surface of the street in front of his said lot, house and place of business; and that Adams Street north of his said lot, house and place of business has a gradual elevation for a distance of two hundred yards to Jackson Street, and that the surface of Adams Street at the intersection of Jackson Street is twenty-five feet higher than the surface of the pavement in front of the place where his said lot, house and place of business are situated, and that,

by and through the careless, negligent and wrongful manner in which said curb and gutter was constructed, without necessary openings or outlet for drainage of water, when a rain occurs the water flows in such volume and with such rapidity down said street from the intersection of said Jackson Street, and in such volume from the crossing of the Iron Mountain Railroad, as to overflow said lot, house and place of business, and that by reason thereof he has suffered great injury to his property and business, to his great damage in the sum of two thousand dollars. That, in the year 1923, said plaintiff, without the consent of the said defendant, had Adams Street paved and a curb put down on either side of said street in front of his said building occupied by him at that time as a place of business, and is still occupied by him.

"Defendant further states that said injury to his property, as above stated, is continuing damage, and he will continue to suffer damage to his property and business so long as said pavement, curb and gutter remain in its present condition. That by reason of the careless and negligent manner in the construction of said curb and gutters on said street, causing his house and place of business to overflow as stated, while he was engaged in removing his furniture and fixtures in said building, in order to try and save and protect his stock of merchandise from loss or damage, he sustained an injury to his person by becoming ruptured; that from said injury he has suffered great pain, and that he has been partially disabled to do his work that he could do before said injury; and, by and through the negligence of the said plaintiff, as above stated, he has been damaged in the sum of twenty-five hundred dollars."

All reference in the cross-complaint to the grade of the pavement and of the curb and gutter comes within the decision of this court in *Eickhoff* v. *Street Improvement District,* 120 Ark. 212, 179 S. W. 367, holding that improvement districts are not liable for damages resulting to property owners from changes in the grade of a

street. The court held in that case that the same rule applied to gutters and sidewalks, for the reason that they are included in the generic term "street."

Of course, there could be no liability of either of the districts under the charge in the cross-complaint that appellant sustained personal injuries in removing his personal property out of the building when it was flooded with water, as that injury could not be said to have directly resulted from improper construction of the paving or the curb and gutter.

The only other ground for recovery set forth in the complaint is that the districts were guilty of negligence in failing to provide sufficient openings for the flow of water, and in selecting the particular places where the openings were to be made. These allegations constitute merely charges of negligence on the part of the districts, and this court has held that an improvement district is not liable in damages on that account. *Moreland* v. *Board of Imp. of Sewer District,* 94 Ark. 380, 127 S. W. 469, 21 Ann. Cas. 957; *Wood* v. *Drainage District,* 110 Ark. 416, 161 S. W. 1057.

It is contended that, upon the facts stated in the complaint, the districts are liable on the ground that the property was "damaged for public use" within the meaning of the Constitution (art. 2, § 22), and that compensation for this damage must be awarded. The allegations are sufficient to show no more than that the damage resulted from negligence, and not for public use. The distinction is that, where property is taken or damaged for public use, compensation from the public must be awarded; but, where the damage results from the negligence of those who are acting for the public, there is no remedy for compensation except as against the wrongdoer. This is the doctrine of our decisions, and they apply with force to the facts of this case as set forth in the cross-complaint. No cause of action was stated against either of the districts, and the court properly sustained the demurrer.

Affirmed.