## McDonough *v.* Williams.

### Opinion delivered May 18, 1908.

1. Fraud—Evidence.—In an action for deceit in the purchase of shares of corporate stock, evidence of the value of the physical property of the corporation was admissible to show the value of the stock. (Page (Page 605.).

2. Same—Sufficiency of Notice.—Where a relation of trust and confidence existed between a vendor and vendee, and the vendor claims to have been overreached, he will not be held bound by notice of facts which would, under other circumstances, have put a reasonably prudent man upon inquiry; nothing short of actual knowledge would conclude him. (Page 604.)

3. Trial—Refusal of Additional Instructions—The refusal of instructions asked by the appellant was not erroneous where the court had already declared the law correctly and sufficiently in those given. (Page 605.)

4. Fraud—Evidence of Subsequently Disclosed Defects.—In an action for deceit in the purchase of corporate stock, evidence of defects in the property that were developed after the sale was inadmissible. 604.)

5. APPEAL—SUFFICIENCY OF ABSTRACT.—An abstract on appeal is sufficient if it sets forth the pleadings and all of the instructions and evidence and shows that the assignments of error were duly reserved in a motion for new trial. (Page 605.)

6. EVIDENCE—COMPETENCY OF EXPERT.—It was not an abuse of the court's discretion to refuse to permit a witness to testify as an expert upon the value of a particular coal mine, although he knew the value of coal lands generally in that locality, if he showed no familiarity with the particular mine and did not know the extent and cost of its development. (Page 606.)

7. TRIAL—IMPROPER ARGUMENT.—A new trial will not be ordered on account of misconduct in the argument of appellee's counsel if it does not appear that appellee secured thereby any undue advantage over appellant. (Page 607.)

8. APPEAL—CONCLUSIVENESS OF FORMER OPINION.—Where, on a former appeal, this court adjudged that plaintiff made out a case to go to the jury, and the case comes up on a second appeal with the same evidence, the former opinion will be deemed conclusive. (Page 607.)

9. SAME—CONCLUSIVENESS OF VERDICT.—The verdict of a jury upon conflicting evidence will not be disturbed, though against the preponderance of the evidence. (Page 608.)

10. JUDGMENT—INTEREST—A judgment in an action for deceit in procuring a sale bears interest from the date of its rendition, and not from the date of the sale. (Page 608.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; modified and affirmed.

*Jas. F. Read, F. A. Youmans* and *B. R. Davidson,* for appellant.

The court erred in refusing to permit defendant to show by J. M. Spradling the value of the land options taken by defendant. The ground of objection is not shown, the writing was never accepted by either party as the whole contract, and parol evidence is admissible to show what the contract actually was. 55 Ark. 115; 27 *Id.* 512. It was admissible to show the real consideration of which the land options were part. 75 Ark. 94. This is not an action *between the parties to that contract.* In such cases the doctrine which excludes parol evidence to alter or vary the terms of a contract does not apply. 48 Ark. 543.

*Oscar L. & Lovick P. Miles,* for appellee.

1. The appeal should be dismissed for noncompliance with rule 9 in this: he has wholly failed to abstract the pleadings, objections to testimony, instructions given by the court, instructions refused by the court, and the motion for new trial. 75 Ark. 571; 55 Ark. 547; 78 Ark. 377; 79 Ark. 179; 57 Ark. 304; 80 Ark. 23; 81 Ark. 327; *Id.* 66; 82 Ark. 547; 83 Ark. 359.

2. Not only were the jury justified in finding from the evidence that there was in fact a close confidential relationship between the appellant and appellee, upon which the latter relied, but it is submitted that, because of the fact that they were co-stockholders, co-directors and co-officers of the coal company, there existed *de jure* a fiduciary relationship between them which precluded either from disposing of the stock or property of the corporation to his own advantage and to the detriment of the other. 145 Fed. 107; 3 Thompson on Corp. § § 4009 *et seq.*; 89 Mo. 545 and cases cited; 103 U. S. 651; 29 L. E. 509; 144 Fed. 770; 21 Wall. 616, 22 L. Ed. 492; 132 Fed. 7; 65 C. C. A. 627; 88 U. S. 616.

Wood, J. This is the second appeal in this case, and the issues and facts are sufficiently set forth in the statement and opinion on the former appeal, to be found in vol. 77, page 261, of our reports. As was stated in that opinion, the action is for damages, grounded on fraud and deceit alleged to have been practiced by appellant upon the appellee in the purchase by the former of shares of corporation stock from the latter. The relation of trust and confidence is set up by the appellee as having existed between him and appellant at the time of the sale of the stock, and it is alleged that certain false and fraudulent representations were made by appellant, and certain false and fraudulent concealments were indulged in by him, on which appellee relied, and by which he was induced to sell $12,500 worth of shares of stock at its par value, when it was worth more. Our former opinion narrowed the issues to the question of whether the alleged confidential relation existed between appellee and appellant at the time of the sale of the stock, and, if so, whether appellant concealed the terms of the Bache option, which he should have disclosed. Judge McCulloch, concluding the opinion for the court, said:

"It is therefore a question of fact for a jury to determine, under proper instructions, whether, notwithstanding the severance of the relation of principal and agent, the confidential relation continued up to the time of the sale, and, if so, whether the plaintiff, on account of that relation, relied upon the defendant. to disclose information concerning the prospective resale to Bache at a higher price than the par value, and whether the defendant, knowing of such reliance, concealed the information, from plaintiff or from Ball and Boone when he knew that they were the trusted advisers of plaintiff, and consummated a purchase of plaintiff's stock at par in view of a certain resale at a much higher price."

On the second trial appellant introduced J. M. Spradling, who testified that he had been engaged in the coal mining business for ten years; that he was familiar with the values of coal lands in Sebastian County; was familiar with the Montreal Coal Company property in a general way; knew the property very well; had not been under ground in the mines. He was mining coal about one and a half miles distant on the same vein. He knew of the thickness of the vein of the coal of the Montreal Coal Company from others, was familiar with the price of coal throughout that section of country, and had a fair knowledge of same. The appellant then offered to prove by this witness that the mines and property of the Montreal Coal Company on January 11, 1903, were not worth over $55,000.

By the terms of the option, Bache paid appellant $33,000 for the stock of the Montreal Coal Company. Bache was to pay the indebtedness of the corporation, which appellant guarantied would not exceed $50,000.

There was evidence tending to prove that the indebtedness of the corporation at the time of the option was about $53,500. In our former opinion we said: "The court erred in excluding evidence offered by appellant tending to show the value of the corporation stock at the time of the sale. The rule hereinbefore declared as to the measure of damages rendered it competent to show the value of the property sold. If the stock was worth no more than the price received by appellee for it, then he was not damaged." *McDonough* v. *Williams, 77* Ark. *272.*

Evidence of the value of the physical property, the *corpus,* of the Montreal Coal Company at the time of the sale of the stock of appellee to appellant certainly tended to show what the value of the stock was at that time.

On the former appeal we held that the measure of damages "would be the difference between the price paid to the plaintiff for his stock and the actual value thereof at the time, if the latter exceeded the former." Under this rule the testimony of J. M. Spradling, *supra,* was very important to appellant. For there was evidence tending to show that, if the debts were equal to the value of the property of the corporation, the stock would not be worth anything. One witness testified that if the debts were as much as $50,000, the stock was not worth anything, that the property of the corporation did not exceed in value $50,000. In view of this evidence, the refusal to allow the testimony of the witness above mentioned was exceedingly prejudicial. While there was other evidence to the same effect admitted, the jury did not accept it. We cannot say that this evidence was cumulative. The witnesses were not sufficiently numerous for that, and, if the jury had been given an opportunity to consider the testimony of Spradling, they might have given it more weight than the other testimony that was adduced to the same effect.

There are numerous assignments of error as to the giving and refusing of requests for instructions. But a majority of the court is of the opinion that the instructions of the court properly presented the law applicable to the facts. Appellant contends that the instructions took from the jury the question of appellee's right to rely on appellant to disclose information concerning the Bache option, also the materiality of the concealment of such option. But the issue as to whether the relation of trust and confidence existed was submitted. This necessarily included the question of the right to rely. The court also submitted the question as to whether or not appellant's purchase of the stock from appellee was in view of a resale to Bache for a substantially higher price. This necessarily included the question of the materiality of the concealments.

Appellant complains that the instructions did not submit the question as to whether appellee had notice of such facts in regard to a proposed sale by appellant as would put a reasona-

bly prudent man on inquiry. If the relation of confidence and trust existed, appellee was not put upon inquiry by notice of facts that would cause a reasonably prudent man to inquire. If the relation of trust and confidence existed, nothing short of actual knowledge would suffice. See *Thornton* v. *Mason*, 74 Ark. 46.

A majority is of the opinion that, while some of the requests for instructions by appellant were correct, the court did not err in refusing them because the law was sufficiently and correctly declared in those given.

The court properly excluded testimony as to defects in the property that were developed after the sale of the stock. Evidence of defects that were discovered after the sale of the stock, that were not known and could not have been known at the time of the sale, was not admissible. This did not tend to prove what was the actual market value at the time of the sale.

We do not deem it necessary to express any opinion on the alleged misconduct of appellee's counsel during the progress of the trial. We must assume that counsel in another trial will not indulge in any improper conduct.

The abstract of appellant is a sufficient compliance with rule nine of this court. The substance of the pleadings is stated. The instructions are all set forth. The evidence is printed, and the abstract shows that the assignments of error were duly reserved in motion for new trial.

For the error indicated the judgment is reversed, and the cause is remanded for a new trial.

Hill, C. J., disqualified and not participating.

NOTE—In our former opinion we said that "there was no evidence that the defendant misrepresented the financial condition of the company either to the plaintiff or to Messrs. Ball and Boone, or that he misrepresented the urgent attitude of the creditors of the concern, and that issue should have been withdrawn from the consideration of the jury." 77 Ark. 273. This language is just as applicable to the facts of the present record as it was in the former case, and in view of this I am of the opinion that the court erred in giving its sixth instruction, and then, having given the sixth, the error was accentuated in refusing appellant's requests numbered 14, 15 and 29. I am of the opinion that the cause should be reversed also for these reasons.

Instruction No. 6, given by the court, was as follows:

"6. I charge you, that in order to render a transaction void on account of fraud, it must appear that the defendant intentionally and false-

## ON REHEARING.

### Opinion delivered July 11, 1908.

McCULLOCH, J. Upon further consideration of this case we are unanimously of the opinion that we reached the wrong conclusion as to the admissibility of the offered testimony of J. M. Spradling. After a more critical examination of the testimony, aided by argument of appellee's counsel on this important point, which was entirely ignored by appellee in the former presentation of the case to us, we think that the witness did not show sufficient familiarity with the conditions and value of the Montreal Coal Company property to qualify him to testify on the subject. He only pretended to be acquainted with the property in a general way, and did not claim familiarity with it in detail. He did not know the number of slopes or mines owned by the company, he had never been underground in the mines, and did not know the extent and cost of their development. In fact, the only special knowledge which the witness displayed was that concerning the value of coal lands generally in that locality.

The question whether a witness has shown sufficient knowledge concerning the value of property to give him a definite opinion on the subject is a matter, to some extent, within the sound discretion of the trial judge, and this court will not reverse for alleged error in this respect unless an abuse of such discretion appears. *St. Louis, Ark. & Tex. Rd.* v. *Anderson,* 39 Ark. 167; 17 Cyc. 30. No abuse of the court's discretion is shown here.

It is announced in the former opinion that no other error was found by the majority of the court. Mr. Justice WOOD,

ly misrepresented some material fact to the plaintiff, or intentionally concealed some material fact from plaintiff when he knew plaintiff was relying on him to disclose same, or intentionally made some false or fraudulent statement to him, or intentionally caused some false or fraudulent statement to be conveyed to him of a material existing fact, with a view to influencing him to enter into the transaction, and that such false and fraudulent statement was believed by the plaintiff and acted upon by him."

Defendant requested that the following instructions be given:

"14. It is alleged in the complaint that the defendant misrepresented the financial condition of the Montreal Coal Company to the plaintiff and to Messrs. Ball and Boone. There is no evidence sufficient to sustain these allegations, and you will therefore disregard all of these allegations in the complaint.

who wrote the opinion, expressed the view that the court below erred in refusing to give the fourteenth, fifteenth and twenty-ninth instructions requested by appellant. These were fully covered by instructions which the court gave. The court narrowed the issue to the question of fraudulent concealment of the prospective resale of the stock to Bache, thus excluding from the consideration of the jury all questions as to misrepresentation of the financial condition of the company. The court also instructed the jury that if appellee consummated the deal and transferred his stock to appellant after he had obtained knowledge of the alleged fraud and deceit, he could not recover. This fully covered the subject of the rejected twenty-ninth one.

The alleged misconduct of counsel consists of comments and remarks made during the progress of the cross-examination of appellant as a witness in his own behalf. It arose out of a controversy between opposing counsel, and the court seems to have done its best to restore order and remove any possible prejudice that might result from the incident. While the conduct of the attorney is not to be commended, we can not see that appellee secured thereby any undue advantage over his antagonist, and we do not feel at liberty to disturb the verdict on that account. *Kansas City S. Ry. Co.* v. *Murphy, 74 Ark. 256.*

Learned counsel for appellant argue with much zeal and plausibility that the plaintiff did not make out a case to go to the jury, and that the findings of the jury as to the various essential elements of the alleged cause of action are not supported by evidence. The same question was argued with equal force and confidence when the case was before us on former appeal, but we decided that there was enough evidence to go to the jury.

---

"15. It is also alleged in the complaint that the defendant misrepresented to the plaintiff and to Messrs. Ball and Boone the urgent attitude of the creditors of said corporation. There is no evidence of any such misrepresentation. You will, therefore, disregard all allegations with reference to this matter.

"29. Even if the jury should find that the defendant made the alleged false representations set out in the complaint, if, after said representations were made if they were made, the plaintiff was informed by the defendant that he had a deal on hand concerning the sale of the stock, and that if said deal went through he, the said defendant, would make $5,000 or $10,000, and if, after such statement by the defendant to the plaintiff, the plaintiff then sold his stock to the defendant, it will be the duty of the jury to find for the defendant."

There is little difference in the evidence in the present record and in that presented on the former appeal, and we must treat the former decision as conclusive of the question.

We are free to say that the various questions of confidential relations between the parties and of fraud and deceit practiced by the defendant were decided by the jury against what appears to us to be the preponderance of the evidence; but, as there was a conflict in the evidence on these points, it is not within our province to reverse the case on that account. The issues were submitted to the jury on correct instructions, and as there was evidence to sustain it the verdict must stand.

The verdict of the jury assessed the damages in the sum of $1575, and the court rendered judgment for that amount with interest from the date of the sale of the stock. This was erroneous. The judgment should have been only for the amount assessed by the jury.

The rehearing is therefore granted. The judgment is modified to the extent of striking out interest, and affirmed as thus modified.

HILL, C. J., disqualified and not participating.

WOOD, J., dissents on the ground that the court erred in refusing instructions requested by appellant, and that the evidence does not sustain the verdict.