KELLEY *v.* SPARKS.

4-4559

Opinion delivered March 15, 1937.

*Reuben Chenowith* and *J. M. Smallwood,* for appellants.

*Robert Bailey* and *Charles W. Mehaffy,* for appellee.

HUMPHREYS, J. The appellee, A. D. Sparks, instituted this action in the Pope circuit court against the appellants and J. R. Venable to recover for alleged misrepresentations in the sale of certain timber in Pope county, Arkansas. Appellee alleged that J. R. Venable was the agent of Kelley, and showed appellee the timber on about 600 acres of land, which he claimed belonged to Kelley, and it was alleged that appellee paid $1,400, and that about 400 acres of the land did not belong to Kelley, but belonged to others. Appellee asked for an injunction, and asked judgment for $1,250.

The appellants filed answer denying the material allegations of the complaint, and especially denying that Venable was their agent. They also filed a cross-complaint, alleging that they had a contract to haul the bolts, and that they would have made $600, and they pray judgment for that sum.

Appellee filed a reply to answer and cross-complaint, and on April 5, 1935, there was a judgment in favor of appellee, motion for new trial was filed by appellants, and on October 12, 1935, the judgment was set aside and a new trial granted.

On April 8, 1936, the case was again tried, and a judgment for appellee for $750 was rendered. Motion for new trial was filed and overruled, and the case is here on appeal.

The appellants say that there is but one question to decide, and that is whether there is any substantial evidence that J. R. Venable was the agent of appellants for the sale of the timber. The evidence is in conflict on this question, but the undisputed evidence shows that Kelley had known Venable for several years, and that the appellee had never seen Venable until he was approached by Venable about the sale of this timber. The evidence is also undisputed that Kelley himself went over the timber with Venable before the contract for the sale of the timber was made. Venable was made a party defendant, but the officers were unable to serve him, and his whereabouts is unknown. Venable showed to Sparks what purported to be a contract of agency; that is, a contract by Kelley appointing Venable his agent for the sale of this timber.

At the second trial of this case, the contract had disappeared; could not be found; but witnesses who had seen the contract testified Kelley's signature on the contract and his signature on the deed appeared to be in the same handwriting. The contract for the sale of timber was signed "S. S. Kelley by J. R. Venable, his agent." The price of the timber named in the contract was $1,400. The price named in the deed was $1,300.

The appellee testified that the appellant, Kelley, went over the timber with him and showed him the same boundary lines that he had been shown by Venable. The appellant, Kelley, testified that he did not know where the lines were, and that he showed Sparks a double corner, but told him he did not know where the lines were. He knew nothing about the lines, according to his testimony, although he had lived on the land for more than 20 years. He also testified that he had sold this land before he sold the timber to appellee; that is, he said he had deeded it to the boys, but the deed had not been put on record. If this is true, then he did not own the timber when he sold it to Sparks, although he admits

getting the money. Not only did he get the money paid by Sparks, but he and Venable went to the bank together and Venable drew a draft and signed "S. S. Kelley," and attached the deed, which had been executed by Kelley. These facts were testified to by the cashier of the bank and not disputed by any one.

The evidence shows that the timber pointed out to Sparks as belonging to Kelley belonged to other parties; that is, about 200 acres of it belonged to others, and it also shows that the timber on the land owned by Kelley was worth much less than the timber on the land owned by the others, and worth much less than Sparks paid for it.

Sparks lived in Madison county and had never been in Pope county, where the timber was, until he went to look at it with a view to purchasing it. Kelley had lived in Pope county, and on this particular land for more than 20 years. While Kelley admits going over the land with Sparks, he denies knowing anything about the boundary lines. But Sparks testifies that he showed him the same timber that Venable had shown him. If Kelley knew nothing about where the lines were, he would not know anything about the value of the timber. If he did not know anything about where the lines were, he could not know where his timber was.

It would serve no useful purpose to set out the testimony in detail, but there was sufficient evidence to justify the jury in finding the verdict it did. Whether the evidence was sufficient to show that Venable was the agent of Kelley is immaterial, if the acts of Venable were ratified by Kelley.

It is true that a person dealing with an agent can not presume that the agent has authority and can not rely upon representations of the agent as to his authority. It is also true that neither the agency, nor the extent of the agent's authority, can be shown by the declarations or actions of the agent; but the fact of agency or of ratification does not have to be shown by direct evidence.

"The settled rule, which has been many times approved by this court, is that a well connected train of

circumstances is as cogent of the existence of a fact as any array of direct evidence, and frequently outweighs opposing direct testimony, and that any issue of fact in controversy can be established by circumstantial evidence when the circumstances adduced are such that reasonable minds might draw different conclusions." *Pekin Wood Products Co.* v. *Mason,* 185 Ark. 167, 46 S. W. (2d) 798; 23 C. J. 48; *Hanna* v. *Magee,* 189 Ark. 330, 72 S. W. (2d) 237.

Appellant urges that the evidence of appellees that he had seen the contract was incompetent, but the evidence shows that the contract was in the court on the first trial, and that it was mislaid or lost, and we think the evidence as to its loss was sufficient to justify the admission of evidence as to its contents. But there is no dispute about the sale of the timber having been made to Sparks by Venable, and no dispute about Kelley afterwards executing a deed to the timber, and without regard to the contents of the instrument, the evidence shows that Venable sold Kelley's timber to Sparks, and that Sparks paid the price to Kelley. Kelley did not sell the timber to Sparks, but he accepted and ratified the sale made by Venable.

It is urged that appellee should have produced Venable to prove the contract, but as we have already said, the appellee made Venable a defendant, tried to have him served with process, and no one knew where Venable could be found. He had never been seen by Sparks until this timber deal, and Kelley had known him several years. Of course, if Sparks could not find Venable, he could not take his deposition.

It is a well established rule that a principal can not ratify a portion of an unauthorized transaction, and not ratify the whole of it. "He can not avail himself of such acts as are beneficial to him, and repudiate such as are detrimental, whether the ratification be expressed or implied." 21 R. C. L. 923; *Kirkpatrick Finance Co.* v. *Stotts,* 185 Ark. 1089, 51 S. W. (2d) 512.

"Ratification of the unauthorized acts of one assuming to act as agent, may be either express or implied;

express, as by spoken or written words; implied, when the conduct of the principal constitutes an assent to the acts in question. And the acts of the principal, it seems, will be liberally construed in favor of a ratification." 21 R. C. L. 927.

"It is an established principle of law that where a person acts for another, who accepts the fruits of his efforts, the latter must be deemed to have adopted the methods employed, as he may not, even though innocent, receive the benefits, and, at the same time, disclaim responsibility for the measures by which they were acquired. With the benefits of the contract he must accept the responsibilities. If he does not wish to adopt the transaction he must return anything that he may have received as a result thereof." 21 R. C. L. 932; *Froug, Smulian & Co.* v. *Outcalt Adv. Co.*, 114 Ark. 9, 168 S. W. 1075; *Lawson* v. *Road Imp. Dist. No. 7*, 163 Ark. 303, 259 S. W. 747; *Coffin* v. *Planters Cotton Co.*, 124 Ark. 360, 187 S. W. 309.

As to whether there was an agency or a ratification, are questions of fact, and in this case were properly submitted to the jury, and its finding is conclusive here.

In determining the sufficiency of the evidence to sustain a verdict, this court views the evidence in the light most favorable to appellee, and will not set aside a verdict if supported by substantial evidence.

The verdict in this case is supported by substantial evidence, and the judgment is, therefore, affirmed.