FORD MOTOR CO. *v.* FISH.

5-2416                                    346 S. W. 2d 469

Opinion delivered May 22, 1961.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

*Talbot Feild, Jr., O. Wendell Hall, Jr., Mehaffy, Smith & Williams, Robert V. Light,* for appellee.

ED. F. McFADDIN, Associate Justice. This is the second time this case has been to this Court. In the opinion on the first appeal (*Ford Motor Co.* v. *Fish,* 232 Ark. 270, 335 S. W. 2d 713), we recited the facts in considerable detail, and reference is hereby made to that opinion for factual recitations. On the first appeal we reversed the judgment for the reasons therein stated, and the cause was remanded. On retrial, there was a jury verdict and judgment in favor of Fish against the Ford Motor Company; and the case is now before us on this second appeal in which the Ford Motor Company urges the two points now to be discussed.

I. *The appellant says*: *"The evidence was not sufficient to sustain a verdict against appellant, and the trial court should have directed a verdict for appellant."* On the first appeal, the Ford Motor Company urged that it was entitled to a directed verdict; and, in denying that

contention, we said: "There was evidence of specific negligence, though not of the strongest nature. For instance, the witness Mayer testified that the brake was binding, which occasioned his taking it to Cook's Machine Shop to see if the drum was out of round; there was the evidence of the skid mark, and the evidence of Fish himself as to the pull to the right; the testimony that the mechanism had not been disturbed and had remained sealed, and that the drum was an eighth of an inch out of round." We then concluded, ". . . the judgment is reversed, and the cause remanded."

On the second trial, the evidence for the plaintiff Fish was practically the same as that in the first trial except: (a) the hypothetical question asked the witness Bearden in the first trial—and held by us to be error—was not repropounded; and (b) the witness Mayer added some details to his testimony in the second trial and also admitted that he did not know how to use a certain gauge discussed by appellant's witnesses. But, with the exception of these items, we cannot discover—and appellant has not shown us—any material difference between the evidence to support the plaintiff's case in the first trial and the evidence to support the plaintiff's case in the second trial. Since we held on the first appeal that the evidence for the plaintiff made a case for the jury, and since we now find—as we do—that the evidence for the plaintiff in the second trial was equal to that in the first trial, it must necessarily follow that the appellant was not entitled to an instructed verdict on the second trial.

In *Hallum* v. *Blackford*, 202 Ark. 544, 151 S. W. 2d 82, it was insisted that the Court should have directed a verdict. But we pointed out that we had denied that contention on the first appeal and that the plaintiffs' evidence on the second trial was the same as on the first trial; and we said: "Under the rule many times announced by this Court, the decision on the former appeal becomes the law of the case on this appeal unless we can say that the testimony on this second appeal is substantially different from that on the first appeal. We think it unnecessary to attempt to set out or abstract

the testimony presented in this record. Suffice it to say, that after carefully reviewing it and comparing it with the testimony on the first trial, we find no substantial or material difference.'' In *Missouri Pacific R. R. Co.* v. *Foreman*, 196 Ark. 636, 119 S. W. 2d 747, Mr. Justice Donham cited scores of cases on the rule of ''law of the case'', and concluded with this language: ''We hold that, since the question as to whether or not the evidence was sufficient to go to the jury in the instant case was settled by this court on the former appeal, there was no error committed by the lower court in submitting the case to the jury on the second trial.''

In *McDonough* v. *Williams,* 86 Ark. 600, 112 S. W. 164, Mr. Justice McCulloch used this language: ''Learned counsel for appellant argue with much zeal and plausibility that the plaintiff did not make out a case to go to the jury, and that the findings of the jury as to the various essential elements of the alleged cause of action are not supported by evidence. The same question was argued with equal force and confidence when the case was before us on former appeal, but we decided that there was enough evidence to go to the jury. There is little difference in the evidence in the present record and in that presented on the former appeal, and we must treat the former decision as conclusive of the question.''

It is true that in the second trial in the case at bar the Ford Motor Company offered additional witnesses; but the additional evidence was only an effort to contradict and weaken the plaintiff's case, and all such additional evidence did not destroy the fact that the plaintiff had made a case to go to the jury. The decision as to the weight of the evidence was for the jury. The fact remains that we held on the first appeal that the evidence offered by the plaintiff Fish made a case for the jury; and that holding is the *law of the case* on this appeal since the evidence of the plaintiff was practically the same at each of the trials.[1]

---

[1] In the briefs, both sides cite and discuss such cases as *Pierce* v. *Ford Motor Co.,* 190 F. 2d 910, *General Motors Corp.* v. *Johnson,* 137 F. 2d 320; and *Hupp Motor Car Corp.* v. *Wadsworth,* 113 F. 2d 827. We find it unnecessary to discuss these cases because the rule of ''law of the case'' and the jury verdict settle the issue of liability.

II. *The appellant says*: *"The Court erred in giving, over the general and specific objections of the appellant, plaintiff's instructions numbered 4 and 5."* The Instruction No. 5, of which plaintiff now complains, reads:

"If you find from a preponderance of the evidence in the case that a defect existing during the manufacturing or assembly process by defendant, Ford Motor Company was the proximate cause of the upset of this vehicle and the resulting injuries and damages, if any, to the plaintiff, and if you further find that the exercise of reasonable care by defendant Ford Motor Company would have avoided the placing of this vehicle in the channels of trade with such a defect, if any, then you may find that the failure of defendant Ford Motor Company to discover and correct the defect, if any, constitutes negligence."

This same instruction was plaintiff's Instruction No. 6 in the first trial and, in the opinion of the first appeal, we found the said instruction to be good as against the objections then offered. While the objections to the instruction were somewhat more lengthy in the second trial than in the first, we still adhere to our conclusion that the instruction is good; and this is true even against the objections offered in the second trial.

The Instruction No. 4 given at the second trial, and challenged by the appellant on this appeal, is an instruction relating to circumstantial evidence. The instruction reads:

"Any fact in controversy in this case can be proved by direct or circumstantial evidence. Circumstantial evidence is evidence which does not directly prove the existence of a fact but merely gives rise to a logical inference that it exists. Thus, a fact is established by direct evidence when proved by witnesses who testify with reference to what they saw, heard or perceived, and a fact is established by circumstantial evidence when its existence can be fairly and reasonably inferred from other facts proved in the case."

Appellant contends that the above instruction is abstract and has no application to the evidence presented in this case, and that it permits the jury to engage in speculation and conjecture in the absence of proof. We find no merit to appellant's said objections. Certainly there were circumstances—as well as direct evidence—shown by the plaintiff to support his case; and when a litigant relies in whole or in part on circumstantial evidence, then it is proper for the court to define circumstantial evidence.[2] In *Kurry* v. *Frost*, 204 Ark. 386, 162 S. W. 2d 48, we said: "The court gave, over the objection and exception of appellant, an instruction on circumstantial evidence, of which appellant says it 'might not be an erroneous abstract statement of law, but it is clearly abstract. It does not undertake to apply the evidence in this case.' The instruction was not abstract, as appellee's case depended upon proof of circumstances to support the inference and finding that appellant was the driver of the car, and it was the function of the jury to weigh and apply the testimony."

In *Pekin Wood Products Co.* v. *Mason*, 185 Ark. 166, 46 S. W. 2d 798, we said: "The settled rule, which has been many times approved by this court, is that a well connected train of circumstances is as cogent of the existence of a fact as an array of direct evidence, and frequently outweighs opposing direct testimony, and that any issue of fact in controversy can be established by circumstantial evidence when the circumstances adduced are such that reasonable minds might draw different conclusions. *St. Louis, I. M. & So. Ry. Co.* v. *Hempfling,* 107 Ark. 476, 156 S. W. 171; *St. Louis, I. M. & So. Ry. Co.* v. *Owens*, 103 Ark. 61, 145 S. W. 879; *Midland Valley Ry. Co.* v. *Ennis*, 109 Ark. 206, 159 S. W. 214; *St. Louis-San Francisco Ry. Co.* v. *Bishop*, 182 Ark. 763, 33 S. W. (2d) 383."

We conclude that appellant's objections to the Court's instructions are without merit. Affirmed.

WARD, J., dissents.

---

[2] In *Hearnsberger* v. *McGaughey*, 218 Ark. 663, 239 S. W. 2d 17, Chief Justice Griffin Smith quoted scholarly language on circumstantial evidence.