**In re Billy Flave HUNTER and Mary Ann Hunter.**

**Bankruptcy No. 95–16098 S.**

United States Bankruptcy Court, W.D. Arkansas, Hot Springs Division.

Nov. 13, 1996.

---

Bryon Cole Rhodes, Hot Springs, AR, for Debtor.

David Orsini, Little Rock, AR, for Quality Unlimited Enterprises, Inc.

David Kaufman, Little Rock, AR, for Dept. of Finance & Administration.

### ORDER RE ATTORNEYS FEES

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon Quality Unlimited Enterprises, Inc.'s objection to confirmation. The issue before the Court is whether this creditor is entitled to its attorneys fees.

Known as the "American rule," it is a general precept that parties in litigation are not entitled to recover their attorneys fees from their opposing party. There are exceptions to this rule, however. For example, the courts will award reasonable attorneys fees based upon contracts which provide for payment of such fees in the event of litigation. In addition, a party may be entitled to fees pursuant to a state or federal statute. Section 16–22–308 of the Arkansas Code is one such section.[1] Thus, a creditor's status as unsecured does not bar it from asserting a claim for attorneys fees if a contract, statute, or other law provides for re-covery of such fees. *See In re United Merchants and Manufacturers, Inc.,* 674 F.2d 134 (2d Cir.1982) ("It should always be remembered that a fee which may not be provided for as a matter of *statutory* right under the Bankruptcy Act may yet be perfectly permissible as a provable claim and a matter of *contractual* right.") (quoting 31 Collier on Bankruptcy para. 63.15[3] at 1854 (14th ed. 1975)); *In re Tri–State Homes, Inc.,* 56 B.R. 24 (Bankr.W.D.Wis.1985). Accordingly, the creditor, upon proper application to this Court is entitled to recover its attorneys fees. Any dispute regarding the reasonableness of the fees, or whether the fees are within parameters of the statutory grant of the right to fees may be raised in an objection to the application for fees.

**ORDERED** that Quality Unlimited Enterprises, Inc.'s objection to confirmation is sustained. Within twenty (20) days of entry of this Order, the debtors shall file a proposed amended plan which sets forth all provisions of the plan. The debtors are expressly prohibited from filing a form- or fill-in-the-blank plan. The proposed plan shall not refer to any other plan or provision but shall state separately and in full each provision. It is

**FURTHER ORDERED** that the creditor shall file any application for fees within fifteen (15) days of entry of this Order. Any interested party shall file any objection to the fee application within fifteen (15) days of service of the application.

**IT IS SO ORDERED.**

---

1. The Arkansas Code provides:
 In any civil action to recover on an open account, statement of account, account stated, promissory note, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.
 A.C.A. § 16–22–308 (Mitchie 1994).