Eddie REED *v.* SMITH STEEL, INC.

CA 01-987 78 S.W.3d 118

Court of Appeals of Arkansas
Division I
Opinion delivered April 10, 2002

Russell D. Berry, for appellant.

Gill Law Firm, PLC, by: Brooks A. Gill, for appellee.

LARRY D. VAUGHT, Judge. This is an appeal from the Desha County Circuit Court's judgment in the amount of $9,419.12 for appellee Smith Steel, Inc., against Claudia Clark and appellant Eddie Reed. Ms. Clark has not appealed from the judgment entered against her. Mr. Reed argues that the circuit judge, sitting as the finder of fact, erred in entering judgment against him and in awarding appellee its attorney's fees. We disagree.

Appellee manufactures and erects metal buildings and their components. Ms. Clark was employed by appellee as a book-keeper and office administrator from 1992 to early 1997. During most of that time, she lived with appellant. While Ms. Clark was employed by appellee, appellant entered into three contracts with appellee for the erection of steel buildings. Contract 96-40, dated March 27, 1996, provided that appellee would build a farm shop for appellant. Ms. Clark signed this contract as the buyer, in her capacity as secretary for appellant's farm. On November 18, 1996, the parties entered into Contract 96-112, which provided that appellee would build appellant a metal garage. The parties entered into Contract 96-111 on November 19, 1996, for appellee's construction of a residence. Ms. Clark was heavily involved in all three projects. According to appellee, Ms. Clark acted as appellant's agent in the building process. Appellant, however, denies that she acted in any capacity other than as appellee's agent. After the parties entered into the contracts, Ms. Clark and appellant separated. However, Ms. Clark continued to work on the construction projects. Appellee became concerned about Ms. Clark's job performance, and in early 1997, Ms. Clark left its employ. Appellee learned that approximately $15,000 in cash was missing from the business, and as a result, Ms. Clark later pled guilty to felony

theft of property. Appellee also audited its accounts with appellant and concluded that appellant had received a substantial number of items for which he had not been billed during the construction of the three buildings.

Appellee then instituted this action against appellant and Ms. Clark, asserting claims based in contract, civil conspiracy, and quantum meruit. At trial, appellant was granted a directed verdict on the civil conspiracy claim. The circuit judge made the following findings of fact:

> There is no doubt in the Court's mind on the proof that was presented in this case that Claudia Clark was Eddie Reed's agent for the purpose of building these structures and contracting regarding the construction projects including the farm shop, house, and garage. It so happened, that she was also an agent of Smith Steel at the same time. Based on Restatement of Agency, Section 424, the Court finds that under the circumstances proven in this case, that Smith Steel is entitled to recover the value of items sold and furnished to Eddie Reed by Smith Steel and Claudia Clark at too low a price, from Eddie Reed. Although it has not been proven that Eddie Reed knew what Claudia Clark was doing under the facts and circumstances in this case, a person of reasonable diligence and inquiry should have known what she was doing and Mr. Reed had accepted the benefits of what she did. He is responsible for paying for them.

The circuit judge found that appellant owed appellee $3,787 for the residence under Contract 96-111. From the contract's base price of $13,286, he subtracted the unused labor cost of $2,400, added $600 for the use of appellee's equipment, added $1,075 for extra panels ordered by Ms. Clark that were not billed to appellant, added $1,316 for material that was installed at a heavier gauge than originally contemplated, and added $96 for a better grade of insulation. From the total of $12,973, the circuit judge subtracted appellant's payment of $9,186, leaving a balance of $3,787.

For the garage, Contract 96-112, the circuit judge found that appellant owed appellee $1,320. From the contract's base price of $4,089, he subtracted $492 for an industrial overhead door that was not installed, added $564 for a residential door that was

installed, and added $1,008 for additional roof and ridge material. From the total of $5,169, he subtracted appellant's payment of $3,849, leaving a balance of $1,320.

The circuit judge denied appellee's claim of $598 for doors and skylights in the farm shop, Contract 96-40, because appellee did not prove that they were installed. Under the heading "Miscellaneous Items," he awarded appellee $2,511.76 for additional farm shop items, stating:

> The purchase orders and tickets on these items are sufficiently related in time, color, and identity and method of operation to the farm shop project that Mr. Reed had going about this time that the Court finds they should be added to the judgment. In all likelihood they are in the farm shop and the Court finds that judgment should be granted for these items.

Under the "Miscellaneous Items" heading, the circuit judge awarded appellee $1,800.36 for additional insulation covered by a purchase order, signed by Ms. Clark, that was assigned to the house and garage contracts. The circuit judge found that these items were never included in a change order but that they were "evidently supplied" to the jobs. The circuit judge denied appellee's claim for trim screws and certain reject panels.

The circuit judge entered judgment for appellee in the amount of $9,419.12 against appellant and Ms. Clark, jointly and severally. He also awarded appellee costs of $125 and attorney's fees of $6,000.

### Claudia Clark's Agency for Appellant

■ ■ Appellant first argues that the circuit judge's finding that Ms. Clark acted as his agent is clearly against the preponderance of the evidence. The burden was on appellee to prove the existence of the agency relationship between Ms. Clark and appellant. *E.P. Dobson, Inc. v. Richard*, 17 Ark. App. 155, 705 S.W.2d 893 (1986). The relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents to so act. *Undem v. First Nat'l Bank*, 46 Ark. App. 158, 879

S.W.2d 451 (1994). The two essential elements of an agency relationship are (1) that an agent have the authority to act for the principal, and (2) that the agent act on the principal's behalf and be subject to the principal's control. *Pledger v. Troll Book Clubs, Inc.*, 316 Ark. 195, 871 S.W.2d 389 (1994).

If the facts are in dispute, agency is a question of fact to be determined by the finder of fact. *E.P. Dobson, Inc. v. Richard, supra.* Agency can be proved by circumstantial evidence, if the facts and circumstances introduced into evidence are sufficient to induce in the mind of the finder of fact the belief that the relation did exist and that the agent was acting for the principal in the transaction involved. *Id.* The law makes no distinction between direct evidence of a fact and circumstances from which a fact can be inferred. *Muskogee Bridge Co. v. Stansell*, 311 Ark. 113, 842 S.W.2d 15 (1992). Mere relationship or family ties, unaccompanied by any other facts or circumstances, will not justify an inference of agency, but such relationship is entitled to great weight, when considered with other circumstances, as tending to establish the fact of agency. *Schuster's, Inc. v. Whitehead*, 291 Ark. 180, 722 S.W.2d 862 (1987); *Braley v. Arkhola Sand & Gravel Co.*, 203 Ark. 894, 159 S.W.2d 449 (1942).

Appellant testified at trial that Ms. Clark was not acting on his behalf. However, the circuit judge did not believe him, nor was he required to do so. *See Leinen v. Arkansas Dep't of Human Servs.*, 47 Ark. App. 156, 886 S.W.2d 895 (1994). On appellate review of a trial judge's decision regarding agency, we must give due regard to his opportunity to judge the credibility of the witnesses, and we will not set aside his findings unless they are clearly against the preponderance of the evidence. *E.P. Dobson, Inc. v. Richard, supra.*

We hold that appellee did establish that Ms. Clark acted as appellant's agent in constructing these buildings. Ernest Smith, appellee's president, testified that appellant had admitted to him that he had assigned Ms. Clark to manage the project. Additionally, appellee introduced testimony and exhibits demonstrating that Ms. Clark had, in managing the project, incurred debts on appellant's behalf for items that he accepted; that Ms. Clark had

hired appellee's erection crew to work for appellant on a non-work day; that Ms. Clark had frequently supervised the projects at the construction sites; and that Ms. Clark had dealt with many contractors and suppliers regarding all aspects of the construction on appellant's behalf. Further, during much of this time, appellant and Ms. Clark lived together. The circuit judge's finding that Ms. Clark was appellant's agent is not clearly against the preponderance of the evidence.

### Appellant's Responsibility for Claudia Clark's Actions

In his second point, appellant contends that the circuit judge erred in basing his decision on the *Restatement (Second) of Agency* § 424 (1957). That section provides:

> Unless otherwise agreed, an agent employed to buy or to sell is subject to a duty to the principal, within the limits set by the principal's directions, to be loyal to the principal's interests and to use reasonable care to obtain terms which best satisfy the manifested purposes of the principal.

Comment g. to that section states:

> *Sale or purchase at improper price.* The violation of duty by the agent may be selling to a third person at too low a price something which he is otherwise authorized to sell. In this case, the principal is entitled to recover the thing in specie or its value from the purchaser, if the agent had no power to bind the principal. . . .
>
> . . . . If the principal recovers back the property from the transferee, or obtains compensation from him, the damages against the agent are diminished pro tanto.

Appellant argues that this section addresses only the duty of the agent to the seller/principal, and not the liability of one principal to another. We agree. Although the comment recognizes a purchaser's duty to pay for goods obtained at too low a price, we do not believe that section 424, in and of itself, provides the basis for appellant's liability to appellee. As discussed below, however, the circuit judge reached the correct result. We will

affirm the trial court's ruling if it is correct for any reason. *Alexander v. Chapman*, 299 Ark. 126, 771 S.W.2d 744 (1989).

 Appellant also argues that he cannot be held liable for Ms. Clark's actions in the absence of his knowledge of them. We disagree. It is a well established rule that a principal cannot ratify a portion of an unauthorized transaction, and not ratify the whole of it. *Kelley v. Sparks*, 193 Ark. 811, 102 S.W.2d 838 (1937). When a person acts for another, who accepts the fruits of her efforts, the latter must be deemed to have adopted the methods employed; he may not, even though innocent, receive the benefits and at the same time disclaim responsibility for the measures by which they were acquired. *Id.*

Taking a different approach, appellant asserts that, as a matter of law, Ms. Clark could not have been the agent of two principals and cites *Fennell v. Ross*, 289 Ark. 374, 711 S.W.2d 793 (1986), which involved the sale of real estate. In that case, the supreme court stated:

> The law of agency contemplates that an agent may serve only one principal with respect to any one transaction. *See* Rest. Agency (Second) §§ 387, 391, 394 (1957). We agree with the authorities and authors cited above who have reached the conclusion that in an MLS [multiple listing service] transaction like this one the selling agent is a subagent of the sellers.

289 Ark. at 379, 711 S.W.2d at 796. However, in *Whitten v. Harold Austin Construction, Inc.*, 55 Ark. App. 409, 935 S.W.2d 579 (1996), we held that the holding in *Fennell v. Ross* was limited to MLS cases and noted that selling agents in such cases are constrained by their legal duty to the seller and may only serve one principal per transaction.

 Further, the supreme court recognized the dual-agency doctrine in *United States Fire Insurance Co. v. Montgomery*, 256 Ark. 1047, 511 S.W.2d 659 (1974), and in *City National Bank v. McCann*, 193 Ark. 967, 106 S.W.2d 195 (1937). That doctrine provides that an agent may represent both parties to a transaction with their knowledge and consent; however, without such knowledge and consent, an agent's contracts relating to the transaction

between his principals are voidable at the instance of either who may feel aggrieved, even though the principals are not in fact injured or the agent intends no wrong, or the other party acts in good faith. *Id.* In *Georgia Home Insurance Co. v. Bennett,* 134 Ark. 52, 60, 203 S.W. 279, 282 (1918), the supreme court explained:

> The principle that one can not serve two masters whose interests are antagonistic applies unless the authority so to do is given expressly or by necessary implication; otherwise, where the interests are conflicting, the agent acts only for the principal whose interests he promotes or in whose behalf he acts . . . .

*See also* 3 AM. JUR. 2D *Agency* §§ 241-42 (1986).

 Therefore, appellant is wrong in asserting that an agent cannot, as a matter of law, represent two principals. The evidence soundly demonstrates that Ms. Clark was promoting appellant's, and not appellee's, interests in obtaining and failing to charge appellant for the additional items that he received during the construction of the buildings. Even though he may not have known of her wrongful acts, he accepted the benefits of those acts and was properly held to be responsible for them.

### Delivery of the Materials

 Appellant argues in his third point that appellee failed to establish that the materials were actually delivered to his property. The circuit judge's determination of this fact question will not be reversed unless it is clearly against the preponderance of the evidence. *E.P. Dobson, Inc. v. Richard, supra.* Appellee concedes that, for the most part, its evidence that such materials were delivered to appellant was circumstantial but argues that its evidence adequately supports the trial judge's findings. We agree. Circumstantial evidence does not directly prove the existence of a fact, but gives rise to a logical inference that it exists. *Ford Motor Co. v. Fish,* 233 Ark. 634, 346 S.W.2d 469 (1961). A fact is established by circumstantial evidence when its existence can be fairly and reasonably inferred from other facts proved in the case. *Id.* A well connected train of circumstances is as cogent of the existence of a fact as an array of direct evidence and frequently outweighs opposing direct testimony; any issue of fact in controversy can be estab-

lished by circumstantial evidence when the circumstances adduced are such that reasonable minds might draw different conclusions. *Pekin Wood Prods. Co. v. Mason*, 185 Ark. 166, 46 S.W.2d 798 (1932).

Ernest Smith testified that, when a customer changes his mind after signing a contract, a change order is prepared to add or delete the materials. He said that, after the customer approves the change order, the contract is considered to be modified. Mr. Smith stated that it was Ms. Clark's responsibility to see that all items that were delivered to the customer were billed to him.

Karen Butcher, Ms. Clark's replacement as appellee's book-keeper, testified that, when she audited appellant's account, she found many items that appellee had clearly purchased for appellant's projects for which no change order was made and for which appellant was not billed. In her testimony, she thoroughly discussed each additional item claimed by appellee, and exhibits that supported her testimony were introduced into evidence. Ms. Butcher also testified that she saw Ms. Clark borrow one of appellee's trailers, have it loaded with merchandise, and leave with it while stating that she was going to the house site.

Additionally, the circuit judge's finding that certain items were "[i]n all likelihood . . . in the farm shop" is adequately supported by the circumstantial evidence. He stated: "The purchase orders and tickets on these items are sufficiently related in time, color, and identity and method of operation to the farm shop project that Mr. Reed had going about this time. . . ." Appellee presented evidence that, in purchase order number 67843, Ms. Clark ordered some reject panels, in the same color as that used by appellant, for $2,511.76. Ms. Butcher testified that, although these panels were not billed to anyone by appellee, they were missing from appellee's shop. She said that the panels had apparently left appellee's premises without being paid for during the time that appellant's project was under way.

We hold that the circuit judge's finding that appellant received these materials is not clearly against the preponderance of the evidence.

*Attorney's Fees*

Appellant argues in his fourth point on appeal that the circuit judge erred in awarding attorney's fees to appellee on the basis of Ark. Code Ann. § 16-22-308 (Repl. 1999). That statute provides for a reasonable attorney's fee in certain civil actions. It states:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

This statute does not provide for the recovery of attorney's fees in tort actions. *Mercedes-Benz Credit Corp. v. Morgan*, 312 Ark. 225, 850 S.W.2d 297 (1993). Where both contract and tort claims are advanced, an award of attorney's fees to the prevailing party is proper only when the action is based primarily in contract. *Meyer v. Riverdale Harbor Mun. Prop. Owners Improvement Dist. No. 1*, 58 Ark. App. 91, 947 S.W.2d 20 (1997). Appellant argues that the circuit judge based his award in tort because of Ms. Clark's tortious behavior. We disagree. The trial judge directed a verdict against appellee on its civil conspiracy claim, leaving appellee's contract and *quantum meruit* claims.

Appellee and appellant had three contracts for the construction of metal buildings, and the circuit judge found that the additional items for which he held appellant responsible were provided as additions to those contracts. Appellee presented testimony that the normal procedure for making an addition to a contract included the completion of a change order, which would be added to the total price of the contract; thus, the contract would be modified. It is logical to conclude that, as appellant's agent, Ms. Clark made modifications to the contracts for items that should have been billed to appellant. Appellee proved that appellant received these materials; therefore, appellant owes appellee for

them on the basis of the modified contracts. Accordingly, the circuit judge properly awarded attorney's fees to appellee.

Affirmed.

BIRD and ROAF, JJ., agree.