In re Joe Ann **FOWLER**, Debtor.

Joe Ann Fowler, Plaintiff

v.

**First State Bank of Crossett, Defendant.**

**Bankruptcy No. 1:02–bk–72983M. Adversary No. 1:07–ap–07375.**

United States Bankruptcy Court, W.D. Arkansas, El Dorado Division.

Oct. 29, 2008.

---

Annabelle Patterson, Baim Law Firm, Hot Springs, AR, Kyle Havner, Baim Law Firm, Pine Bluff, AR, for Plaintiff.

Paul S. Rainwater, Griffin, Rainwater & Draper, P.L.C., Crossett, AR, for Defendant.

### AMENDED ORDER

JAMES G. MIXON, Bankruptcy Judge.

On May 5, 2002, Joe Ann Fowler (Plaintiff) filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. On March 11, 2007, the Plaintiff filed a motion for turnover and to compel the release of a lien from First State Bank of Crossett (Defendant) on the Plaintiff's home. On July 30, 2008, the Plaintiff filed a motion for approval of attorney's fees and costs. The Court granted the motion for turnover and to compel the release of the lien by separate order.

The proceeding before the Court is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B), and the Court may enter a final judgment in this case.

### I. FACTS

Plaintiff executed a promissory note secured by a mortgage to the Defendant. The note required repayment of $15,555 plus interest. The Plaintiff fell behind on her note payments and subsequently filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. A plan was confirmed without objection from the Defendant on September 24, 2002. The plan provided that the mortgage would be paid at a rate of $257.00 a month as a long-term continuing debt and the pre-petition arrearage of $9,000.00 would be paid in full.

On October 9, 2007, the Chapter 13 Trustee filed a motion to dismiss because the Plaintiff's plan would not be completed within 60 months. Thereafter, the Plaintiff filed an adversary proceeding for turnover and release of the lien, alleging the mortgage note was paid in full and the Trustee had been overpaid. The Court held a hearing on July 22, 2008, and found that the Defendant had been overpaid by $638.96. The Court ordered the Defendant to remit the overpaid funds to the Plaintiff and to release the mortgage lien on the Plaintiff's home. The Plaintiff thereafter filed a motion seeking an award of fees and costs. Both sides have submitted briefs on the issue.

### II. ISSUE

The Plaintiff asserts that the Court should award attorney's fees and costs pursuant to Arkansas Code Annotated § 16–22–308 and Federal Rules of Bankruptcy Procedure 7054(b) as the prevailing party in this action.

The Defendant asserts that Arkansas Code Annotated § 16–22–308 is not applicable because Plaintiff's action is not based primarily in contract; in the alternative, if

the Court finds the provision applicable, only costs allowed under Rule 54(d)(2) of the Arkansas Rules of Civil Procedure should be awarded.

## III. ANALYSIS

It has long been the rule in the United States that absent unusual circumstances, parties are not entitled to recover their attorneys fees from the opposing party, unless provided for in a contract or in a state or federal statute. *United States v. Mexico Feed and Seed. Co.*, 980 F.2d 478, 490 (8th Cir.1992)(citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y.*, 421 U.S. 240, 249–50, 95 S.Ct. 1612, 1617–18, 44 L.Ed.2d 141 (1975)); *In re Hunter*, 203 B.R. 150, 151 (Bankr.W.D.Ark.1996). There is no specific provision in the Bankruptcy Code which authorizes an award of attorney's fees under this set of facts.

### A.

■ Arkansas Code Annotated § 16–22–308 provides in relevant part:

In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

The Defendant argues that this statute does not apply because Arkansas case law holds that the action must be one based primarily in contract. This argument is unpersuasive. The cases state when both contract and tort claims are advanced, an award for attorney's fees pursuant to § 16–22–308 is proper only when the action is based primarily in contract. *Reed v. Smith Steel, Inc.*, 77 Ark.App. 110, 121, 78 S.W.3d 118, 126 (2002), *Meyer v. Riverdale Harbor Mun. Prop.*, 58 Ark.App. 91, 947 S.W.2d 20, 22 (1997) (citations omitted). There is no tort claim alleged in this case. The Plaintiff brought a civil action based on a promissory note. A promissory note is a contract, which the Court found was breached by the Defendant when it failed to release the mortgage lien after the Plaintiff had paid the note in full.

Defendant also argues that the Court may not use § 16–22–308 to award attorney's fees because the true nature of this action is for violation of a statute or possible negligence similar to the case of *Nationsbanc Mort. Corp. v. Hopkins*, 82 Ark. App. 91, 97, 114 S.W.3d 757, 761 (2003). This case is distinguishable from *Nationsbanc* where the claim was based primarily on Arkansas Code Annotated § 18–40–104, a statute that provides a penalty for failure to record the satisfaction of a mortgage. 82 Ark.App. 91, 97, 114 S.W.3d 757, 761 (2003). The *Nationsbanc* court found that because the claim was not based primarily in contract but was for violation of a statute and possibly negligence, § 16–22–308 did not apply. *Nationsbanc Mort. Corp. v. Hopkins*, 82 Ark.App. 91, 105, 114 S.W.3d 757, 766 (2003). There are no allegations of negligence or violations of a statute in the case at bar, rather this action was brought because of alleged failure to abide by the terms of the promissory note. This is the type of action that § 16–22–308 was designed to cover.

### B. Reasonable Attorney's Fees

■ Federal courts and Arkansas state courts use different factors to assess whether a fee is a "reasonable attorney's fee." See *Cleverly v. Western Electric Co.*, 594 F.2d 638, 642 (8th Cir.1979) and *Phi Kappa Tau Housing Corp. v. Wengert*, 350 Ark. 335, 341, 86 S.W.3d 856, 860 (2002). The Erie doctrine reflects the idea that

federal courts should apply state law to legal issues, unless there is some definable interest sufficient to justify the application of independent federal rules of decision. 19 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4520 (2008). It has been argued that the Erie doctrine only applies in diversity cases; however, according to some commentators and cases, the Erie doctrine applies whatever the ground for federal jurisdiction to any issue or claim which has its source in state law. 19 Wright, Miller & Cooper 19 Federal Practice and Procedure: Jurisdiction 2d § 4520 (2008)(citing *Maternally Yours v. Your Maternity Shop*, 234 F.2d 538, 541 (2nd Cir.1955)); *Roberds, Inc. v. Broyhill Furniture (In re Roberds, Inc.)*, 313 B.R. 732, 736 (Bankr.S.D.Ohio 2004); Alfred Hill, *The Erie Doctrine in Bankruptcy*, 66 Harv. L.Rev. 1013, 1033–34 (1953); Charles Clark, *State Law in the Federal Courts; The Brooding Omnipresence of Erie v. Tompkins*, 55 Yale L.J. 267, 280–81 (1946)(suggesting that if the Erie doctrine does not apply in nondiversity cases, there must be one of similar fashion for such cases, of which there is none). The United States Supreme Court stated that although the ground for jurisdiction in *Comm'r. of Internal Revenue v. Estate of Bosch* was not diversity, where state law is announced by the highest court of that State, the rule of Erie applies because the State's highest court is the best authority of its own law. 387 U.S. 456, 465, 87 S.Ct.

1776, 1782–83, 18 L.Ed.2d 886 (1967). Therefore, this Court will look to the factors announced by the Arkansas Supreme Court in determining the reasonableness of the requested attorney's fee.[1]

Under Arkansas case law, there is no fixed formula to determine what would be a reasonable fee, rather a court should be guided by the following factors: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Phi Kappa Tau Housing Corp. v. Wengert*, 350 Ark. 335, 341, 86 S.W.3d 856, 860 (2002). The party seeking recovery of the attorney's fees bears the burden of documenting the hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).

The Plaintiff's attorney submitted an exhibit attached to the motion for attorney's fees that reflects an itemized list of the services rendered and how much time

1. It is worth noting that the Johnson factors adopted by the Eighth Circuit to analyze reasonableness of fees are not that different than the factors used by the Arkansas Supreme Court, only more inclusive. Therefore, it could be argued that Erie does not even come into play at this point, because there is no conflict. The twelve factors enumerated in *Johnson* and adopted in *Cleverly v. Western Electric Co.*, 594 F.2d 638, 642 (8th Cir.1979) are: (1) the novelty and difficulty in question; (2) the skill required to perform the legal service properly; (3) the experience, reputation and ability of the attorneys; (4) customary fee; (5) whether the fee is fixed or contingent; (6) the preclusion of other employment by the attorney due to acceptance of the case; (7) the amount involved and the results obtained; (8) time limitations imposed by the client or circumstances; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; (11) awards in similar cases; and (12) time and labor required. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

was spent on each. The Plaintiff's attorney charges $200.00 an hour. The Plaintiff's attorney stated in her brief that her hourly fee is the standard rate charged by the attorneys in her law firm. This assertion was not controverted. The Plaintiff's attorney had to possess knowledge and understanding of bankruptcy law in order to bring this action. Plaintiff's attorney stated in her brief that she has been practicing law since 1985, and has been practicing exclusively bankruptcy law since 2002.

At trial the Defendant presented different methods of calculations by its employees to explain why the note was not yet paid in full. The Defendant's computer records indicated that the Plaintiff had overpaid on the note. It was a difficult task to determine the exact amount that was overpaid on this note. The Plaintiff's attorney had to sift through the loan transaction history and make a determination of the status of that account. In order to make that determination the Plaintiff's attorney had to hire a forensic analyst to audit the account in order to understand the transactions made. The recovery was a mere $638.96, but the result for the Plaintiff was significant. If not for the efforts of the Plaintiff's attorney, the Plaintiff would have exited bankruptcy with unsatisfied mortgage, thereby facing a possible foreclosure. This Court finds that the requested fees are reasonable.

### C. Allowable Costs

■ Arkansas Rule of Civil Procedure 54(d) and Federal Bankruptcy Rule 7054 each provide what is allowable court costs. Arkansas Rule of Civil Procedure 54(d) does not allow for deposition expenses, expert witness fees, or travel expenses. *Sunbelt Exploration Co. v. Stephens Production Co.*, 320 Ark. 298, 309, 896 S.W.2d 867, 873–74 (1995); *Wood v. Tyler*, 317 Ark. 319, 322 877 S.W.2d 582, 583 (1994). On the other hand, Federal Rule of Bankruptcy Procedure 7054 does not limit the recovery of costs provided by the Arkansas Rule.

A federal rule of civil procedure will prevail over any applicable state rule, unless there is some special interest of the state in applying their procedural rule. *Hughes v. Mayo Clinic*, 834 F.2d 713, 717 (8th Cir.1987). Several circuits, sitting in diversity, have found that federal procedural law governs the awards of costs. *Carter v. General Motors Corp.*, 983 F.2d 40, 44 (5th Cir.1993)(citing *Bosse v. Litton Unit Handling Sys.*, 646 F.2d 689, 695 (1st Cir.1981); *In re Merrill Lynch Relocation Management, Inc.*, 812 F.2d 1116, 1120 n. 2 (9th Cir.1987); *Chaparral Resources, Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291–92(10th Cir.1988); *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir.1983)). The Fifth Circuit, applying *Erie*, explained, "[v]ariations between state and federal practice in the assessment of costs after the case has been disposed of do not appear likely to promote forum shopping or to affect 'the outcome' of the litigation in any significant way." *Carter v. General Motors Corp.*, 983 F.2d 40, 44 (5th Cir.1993)(quoting 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2669 (1983). The Court's decision to use the Federal Rules of Bankruptcy Procedure to govern costs is even more clear in the case at bar than cases sitting in diversity because there is no possibility of forum shopping. To emphasize this fact, one case simply stated without discussing that because the jurisdiction was based on a federal question and not diversity, that the state procedural rules were not applicable. *Melton v. McCormick*, 94 F.R.D. 344, 345 (W.D.N.Y.1982).

■ Federal Rule of Bankruptcy Procedure 7054(b) provides that "[t]he court may allow costs to the prevailing party except when a statute of the United States

or these rules otherwise provides." 7054(b) permits the court in its sound discretion to award costs in an adversary proceeding. *Stuebben v. Gioioso (In re Gioioso),* 979 F.2d 956, 962 (3rd Cir.1992); *Grynberg v. Claimants (In re Grynberg),* 966 F.2d 570, 576 (10th Cir.1992). This discretion is subject to 28 U.S.C. § 1920 which lists the costs that are taxable by a court. "There is a strong presumption favoring the award of costs to the prevailing party.... The losing party must satisfy a heavy burden when asserting that he should be excused from paying costs and affirmatively establish that the costs either fall outside the parameters of § 1920, were not reasonably necessary to the litigator, or that the losing party is unable to pay." *In re O'Callaghan,* 304 B.R. 887, 891 (Bankr. M.D.Fla., 2003)(quoting *In re Franklin Arms Court, L.P.,* 2003 WL 1883472 at *14 (Bankr.N.D.Ill.2003)).

■ The Plaintiff's attorney requests costs for hiring an analyst, service by the Ashley County Sheriff, a deposition charge and transportation charge for two trips to El Dorado, for a total of $2,852.00. The Defendant did not establish that these costs fall outside the parameters of § 1920. Therefore, the requested costs of Plaintiff's attorney will be awarded.

### IV.  CONCLUSION

For the reasons stated above, the Plaintiff is entitled attorney's fees in the amount of $7,685.00 and costs in the amount of $2,852.00, for a total of $10,537.00 pursuant to Arkansas Code Annotated § 16–22–308 and Federal Rule of Bankruptcy Procedure 7054(b).